**LANE & NACH, P.C.**
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003

Michael P. Lane – 007435
Email: michael.lane@lane-nach.com

Attorneys for Semple, Marchal & Cooper, LLC

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>INTEGRATED INFORMATION SYSTEMS, INC.<br><br>Debtor. | (Chapter 11 Case)<br><br>No. 2:06-bk-01257-RTB<br><br>**ACCOUNTANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |

Semple, Marchal & Cooper, LLC., ("SMC"), by and through its undersigned counsel, herein supplements is pending Application for Allowance of Compensation and Reimbursement of Expenses previously filed with this Court. For its supplement, SMC respectfully represents as follows:

At the initial hearing on this matter, the Court considered the objection of the Debtor to SMC's Fee Application and ordered SMC to file a supplement.

In supplementing its Fee Application, SMC attaches the following information:

1. Correspondence from the law firm of Allen & Sala, P.L.C., to Debtor's attorney at Tiffany & Bosco, P.A., dated August 14, 2006, and marked as Exhibit "A".

2. Invoice records on the Debtor's account generated at SMC, and marked as Exhibit "B".

3. Declaration of Brian F. Semple, C.P.A., marked as Exhibit "C".

4. Declaration of Robert M. Semple, C.P.A., marked as Exhibit "D".

SMC provided valuable services to the Debtor. SMC's services allowed for IRS compliance and

was instrumental in providing the support required for the transaction with Geneva Holdings, which transaction facilitated Debtor's Plan of Reorganization. The services provided SMC were requested by the Debtor and its counsel on an expedited basis. SMC was required to, and did, write off considerable fees in order to accomplish the engagement with the Debtor, all at the request of the Debtor and its counsel.

WHEREFORE, SMC prays for approval of its Application for Allowance of Compensation and Reimbursement of Expenses previously filed with this Court.

RESPECTFULLY SUBMITTED this 15th day of January, 2010.

LANE & NACH, P.C.

By /s/ MPL 007435
    Michael P. Lane
    Attorney for SMC

COPY of the foregoing via electronic notification:

Christopher R. Kaup, Esq.
J. Daryl Dorsey, Esq.
Tiffany & Bosco
Third Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, AZ 85016-4237
Attorney for Debtor

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003

By /s/S. Rochin

EXHIBIT "A"

# ALLEN & SALA, P.L.C.
## LAW OFFICES

THOMAS H. ALLEN
PAUL SALA
DAWN M. BAYNE
KEVIN C. McCOY
LESLIE R. HENDRIX

ROBERT H. ALLEN
OF COUNSEL

VIAD CORPORATE CENTER
1850 N. CENTRAL AVENUE
SUITE 1150
PHOENIX, ARIZONA 85004

TELEPHONE (602) 256-6000
FACSIMILE (602) 252-4712

August 14, 2006

Christopher R. Kaup, Esq.
TIFFANY & BOSCO, P.A.
2525 E. Camelback Road
Phoenix, AZ 85016-4237

Re: *In re Involuntary Chapter 7 Bankruptcy of Integrated Information Systems, Inc.*
*Bankruptcy Case No. 2-06-bk-01257-RTB*
*Our File No. 1199.001*

Dear Chris:

As we have previously discussed, Barbara Maroney, the attorney for TBF Financial, LLC ("TBF") has certain of the Debtor's corporate records that were produced to her in connection with non-bankruptcy litigation. Barb explained to me the difficulties in obtaining the records and, to say the least, the petitioning creditors are concerned that the turnover of the records to the Debtor is not in the creditors' best interests.

Rather than proceeding with a protective order or the appointment of an interim Trustee in connection with the involuntary petition, we agreed that TBF would turn the records over to your office and/or the firm of Semple & Cooper to hold until the Court (i) rules on the pending involuntary bankruptcy petition or (ii) otherwise orders their release in the event of a voluntary filing by IIS. We further agreed that, although the Debtor would have access to the records while in your office and the offices of Semple & Cooper, your office and Semple & Cooper would undertake the obligation to ensure that the records are maintained, and that no documents are removed. TBF is and has been prepared to turn over the documents to you, but needs instructions on delivering the documents and your assurance that the integrity of the documents will be maintained.

To that end, you may contact Barb Maroney directly at (602) 971-4440 to arrange for turnover of the documents. Please sign where indicated below and have an authorized agent of Semple & Cooper sign below confirming the agreement of Tiffany & Bosco, P.A. and Semple &

Christopher R. Kaup
August 14, 2006
Page 2 of 2.

Cooper to hold the records pending ruling on the involuntary petition or an order specifically allowing their release.

    Call me if you have any questions.

                      Very truly yours,

                      ALLEN & SALA, P.L.C.

                      Paul Sala

PS/slg

Tiffany & Bosco, P.A. agrees to hold and maintain all records turned over by Barbara Maroney and/or TBF Financial, LLC, until the Court (i) rules on the pending involuntary bankruptcy petition for Integrated Information Systems, Inc. or (ii) otherwise specifically orders their release.

TIFFANY & BOSCO, P.A.

_____
Christopher R. Kaup        Date

Semple & Cooper agrees to hold and maintain all records turned over by Barbara Maroney and/or TBF Financial, LLC, until the Court (i) rules on the pending involuntary bankruptcy petition for Integrated Information Systems, Inc. or (ii) otherwise specifically orders their release.

SEMPLE & COOPER

_____
Robert M Semple   8/29/06
Printed Name        Date

cc:  Barbara Maroney
     Jim Parrack
     Robert Haeberle

EXHIBIT "B"

## INTEGRATED INFORMATION SYSTEMS ( 52055.0 )

| Invoice Date | Type | Inv No | Check No | Status | Amount | Balance |
|---|---|---|---|---|---|---|
| 10/31/2002 | Invoice | 139840 | | | 1,925.00 | 1,925.00 |
| 12/31/2002 | Finance Chg | 90011539 | | | 28.88 | 1,953.88 |
| 2/28/2003 | Adjustment | 90011539 | 0 | Void | 28.88 | 1,982.76 |
| 2/28/2003 | WriteOff | 139840 | 0 | | (1,925.00) | 57.76 |
| 2/28/2003 | Adjustment | 90011539 | 0 | | (28.88) | 28.88 |
| 2/28/2003 | Adjustment | 90011539 | 0 | Void | (28.88) | 0.00 |
| 2/28/2003 | Invoice | 140826 | | | - | 0.00 |
| 2/28/2006 | Invoice | 151673 | | | 1,866.25 | 1,866.25 |
| 5/31/2006 | Invoice | 152753 | | | 1,001.25 | 2,867.50 |
| 6/30/2006 | Invoice | 152957 | | | 10,606.25 | 13,473.75 |
| 7/31/2006 | Invoice | 153159 | | | 2,466.25 | 15,940.00 |
| 8/31/2006 | Invoice | 153402 | | | 3,388.75 | 19,328.75 |
| 9/30/2006 | WriteOff | 153402 | 0 | | (3,388.75) | 15,940.00 |
| 9/30/2006 | WriteOff | 153159 | 0 | | (2,466.25) | 13,473.75 |
| 9/30/2006 | WriteOff | 152957 | 0 | | (10,606.25) | 2,867.50 |
| 9/30/2006 | WriteOff | 152753 | 0 | | (1,001.25) | 1,866.25 |
| 9/30/2006 | WriteOff | 151673 | 0 | | (1,866.25) | - |
| 9/30/2006 | Invoice | 153885 | | | - | - |
| 10/31/2006 | Invoice | 154051 | | | 8,591.25 | 8,591.25 |
| 11/30/2006 | Invoice | 154354 | | | 19,805.00 | 28,396.25 |
| 12/31/2006 | Invoice | 154608 | | | 14,456.25 | 42,852.50 |
| 1/31/2007 | Invoice | 154873 | | | 6,245.00 | 49,097.50 |
| 2/28/2007 | Invoice | 155165 | | | 130.00 | 49,227.50 |
| 6/30/2007 | Invoice | 156536 | | | 972.50 | 50,200.00 |
| 7/31/2007 | Invoice | 156782 | | | 1,616.25 | 51,816.25 |
| 8/31/2007 | Invoice | 157056 | | | 1,542.50 | 53,358.75 |
| 11/30/2007 | Invoice | 157886 | | | 1,993.75 | 55,352.50 |
| 1/31/2008 | Invoice | 158432 | | | 3,413.75 | 58,766.25 |
| 2/29/2008 | Invoice | 158742 | | | 1,060.00 | 59,826.25 |
| 3/31/2008 | Invoice | 159129 | | | 737.50 | 60,563.75 |
| 6/30/2008 | Invoice | 160014 | | | 1,306.25 | 61,870.00 |
| 7/31/2008 | Invoice | 160239 | | | 3,770.00 | 65,640.00 |
| 8/31/2008 | Invoice | 160533 | | | 2,900.00 | 68,540.00 |
| 11/30/2008 | Invoice | 161418 | | | 2,892.50 | 71,432.50 |
| 12/31/2008 | Invoice | 161536 | | | 11.25 | 71,443.75 |
| 10/31/2009 | Invoice | 164522 | | | 1,548.75 | 72,992.50 |

Total: **72,992.50**

EXHIBIT "C"

**LANE & NACH, P.C.**
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Our File No. 16000.264

Michael P. Lane – 007435
Email: michael.lane@lane-nach.com

Attorneys for Semple, Marchal & Cooper, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | (Chapter 11 Case) |
|---|---|
| INTEGRATED INFORMATION SYSTEMS, INC.<br><br>Debtor. | No. 2:06-bk-01257-RTB<br><br>**DECLARATION OF BRIAN F. SEMPLE, CPA IN SUPPORT OF APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |

Brian F. Semple, CPA, declares as follows:

1. My involvement with Integrated Information Systems, Inc. ("IIS") and James Garvey ("Garvey") are as follows:

   a) I was initially contacted and met with Garvey on or about February 1, 2006 in order to discuss the preparation of the corporate income tax returns for IIS and its subsidiaries. I was referred to Garvey and IIS by representatives of Geneva Holdings, a client of my accounting firm, Semple, Marchal & Cooper, LLP ("SMC").

   b) Garvey was in a process of negotiating a financial transaction with Geneva Holdings relating to the tax-loss carryforwards available for IIS. The preservation of the tax-loss carryforwards were critical to the proposed Geneva financial transaction. SMC was retained in order to prepare the delinquent corporate income tax returns of IIS.

c) In addition to the preparation of the delinquent corporate income tax returns I was requested by Mr. Garvey and Geneva to review certain tax related aspects of the proposed Geneva transaction. It was requested that I review certain documents prepared by Mr. David Shein as attorney for Geneva and provide him with certain information as required for the Geneva transaction.

d) IIS was delinquent in the preparation of its corporate income tax returns for the calendar years 2003 through 2005. The last corporate income tax return filed by the company was for the calendar year ended 2002. IIS had no accounting staff available to review and prepare its financial accounting records required for the preparation of the corporate income tax returns.

e) IIS was not in possession of its financial accounting records at the time that our firm was initially contacted. The records were in the possession of a law firm who refused to release the records to Mr. Garvey. The law firm agreed to release the records to SMC for use in the preparation of the delinquent corporate income tax returns. SMC was responsible to maintain custody of the financial accounting records. SMC currently maintains approximately 45 banker boxes of financial accounting records for IIS which were required to reviewed and were used in the preparation of the corporate income tax returns for the calendar years ended 2003 through 2005.

f) Based on disputes between IIS and its creditors, IIS filed a Chapter 7 bankruptcy petition on or about May 2, 2006. SMC continued to provide limited financial accounting and tax preparation services after the filing of the bankruptcy petition by IIS. IIS continued to negotiate the Geneva transaction after the bankruptcy filing.

g) In addition to the preparation of the delinquent corporate income tax returns, SMC was responsible for the review of the financial accounting records contained in the 45 banker

2

boxes it obtained from the law firm. SMC spent time from June through August of 2006 reviewing and adjusting the financial accounting records required for the preparation of the delinquent corporate income tax returns.

h) SMC was instructed in August 2006 to cease any further professional services based on the anticipated conversion of the IIS bankruptcy case from a Chapter 7 to a Chapter 11 filing. IIS filed a Motion for conversion on August 9, 2006 and the Order converting the case to a Chapter 11 was dated August 14, 2006.

i) SMC was asked to write off all of its accrued and unpaid professional accounting fees through the date of employment approved by the Bankruptcy Court. SMC agreed and wrote off $19,328.75 in order to facilitate the approval of its application to be employed by the IIS.

j) SMC provided an application to be employed as the accountants to be employed August 25, 2006. The application to employ accountants was approved by the Bankruptcy Court on August 30, 2006.

k) After the approval of its employment by the bankruptcy court, SMC commenced the review and adjustment of the financial accounting records for IIS and the preparation of its delinquent corporate income tax returns.

l) SMC performed substantial services in relation to the review and adjustment of the financial accounting records and the preparation of the corporate income tax returns for the calendar years 2003-2005. These returns were completed early 2007. In addition SMC performed substantial services in relation to the review and adjustment of the financial accounting records and the preparation of the corporate income tax returns for the calendar year 2006. Those returns were completed by September 15, 2007.

m) Thereafter SMC was engaged to provide substantial tax compliance and research services in relation to the Geneva transaction. Additionally, SMC was retained to provide other professional services relating to IRS examinations, delinquent and unpaid payroll tax report analysis, review of profit sharing plan, compliance matters and adjustments relating to the proposed reverse merger with the newly formed IIS subsidiaries, which were formed as a part of the bankruptcy plan or reorganization.

n) SMC also was retained to prepare the corporate income tax returns for the calendar years ended 2006 and 2007. SMC also provided tax compliance services in relation to the review of Form 5500 as prepared and filed for the qualified employee profit sharing plan for IIS.

o) SMC continued to provide services on behalf of IIS through December 3, 2008. SMC is currently owed $71,443.75 through December 31, 2008. IIS has made no payment to SMC for any of the services performed by SMC.

p) Christopher Kaup, Esq. of the law firm Tiffany & Bosco, P.A. requested that all billings for professional services performed for IIS be sent to their office at 2525 East Camelback Road. Mr. Kaup agreed that he would handle the filing for approval for SMC fees for professional services performed for IIS.

q) Only recently when we demanded payment for our professional fees from IIS were we informed that Mr. Kaup did not file the application for approval and payment of the SMC fees. We were never advised during the time we were performing professional services from February 2006 through December 2008 that there was any dispute in relation to the services performed or the fees that were billed to IIS.

I, Brian F. Semple, declare under penalty of perjury that the foregoing is true and correct..

_____
Brian F. Semple, CPA

4

EXHIBIT "D"

LANE & NACH, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Our File No. 16000.264

Michael P. Lane – 007435
Email: michael.lane@lane-nach.com

Attorneys for Semple, Marchal & Cooper, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | (Chapter 11 Case) |
|---|---|
| INTEGRATED INFORMATION SYSTEMS, INC.<br><br>Debtor. | No. 2:06-bk-01257-RTB<br><br>**DECLARATION OF ROBERT M. SEMPLE, CPA IN SUPPORT OF APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |

Robert M. Semple, CPA, declares as follows:

1. My involvement with Integrated Information Systems, Inc. ("IIS") and James Garvey ("Garvey") are as follows:

   a) I was contacted on May 1, 2006 by a representative of Geneva Holdings and asked to review a memorandum written by their attorney David Shein, Esq. in relation to the purchase of loan payable by IIS to Anchor Bank/Anchor Acceptance as well as the related loan guarantee by Garvey.

   b) In August 2006, I had discussions with Garvey and his bankruptcy attorney, Christopher Kaup ("Kaup"), in relation to Semple, Marchal & Cooper, LLP ("SMC") providing accounting and income tax preparation services, as well as other bankruptcy related services for IIS as required for the proposed Geneva transaction. The retention of SMC was agreed

to by both Garvey and Kaup. I provided all of the documentation necessary for the application for employment by IIS. Both individuals understood and agreed that the professional services to be performed by SMC were necessary in order for the Geneva transaction to proceed and that IIS would be responsible for the payment of the professional fees as an administrative claim of the IIS bankruptcy Estate.

c) In September 2006, I met with the client to review the corporate financial statements and related accounting documentation for the calendar years ended December 31, 2002 through 2005 as required for the preparation of the delinquent income tax returns as required for the proposed Geneva transaction.

d) Throughout the balance of 2006 and 2007, I provided post-petition services in relation to the review of creditor claims, review of the bankruptcy plan of reorganization documents and financial disclosure requirements for same, and other bankruptcy related matters. Additionally, I reviewed the accounting for the payroll allocation for the calendar years December 31, 2002 through 2005 as required for the preparation of the delinquent income tax returns as required for the proposed Geneva transaction.

e) After the confirmation of the plan or reorganization, I had telephone conferences and meetings with client in relation to the review of reverse merger opportunities for the newly formed IIS subsidiaries, the employee profit sharing plan audit requirements and other general corporate income tax services.

f) All time charges for Robert M. Semple through the date of approval of the appointment of SMC were written off by the firm. The total time charges for Robert M. Semple for the period October 1, 2006 through December 31, 2006 were 2.75 hours for a total billing of $811.25; for the period January 1, 2007 to December 31, 2007 were 3.75 hours for a total billing of $1,125; and there were no additional time charges after January 1, 2008.

I, Robert M. Semple, declare under penalty of perjury that the foregoing is true and correct..

*[signature]*
Robert M. Semple, CPA